IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03223-WJM-KLM

JOSEPHINE YOUNG,

    Plaintiff,

v.

REGIONAL ADJUSTMENT BUREAU, INC., a Texas business and Does 1-10, inclusive,

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's <u>Unopposed</u> Motion for Leave to File Response to Complaint Out of Time** [Docket No. 25; Filed September 4, 2013] (the "Motion"). In the Motion, Defendant seeks an extension of its August 26, 2013 deadline to answer or otherwise respond to the Second Amended Complaint [#21] pursuant to Fed. R. Civ. P. 6(b).

    Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the Court may extend a deadline for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Brown v. Fisher*, 251 F.App'x 527, 533 (10th Cir. 2007) (unpublished decision) (district court did not abuse its discretion by allowing defendant to file answer out of time). The United States Supreme Court addressed the issue of "excusable neglect" in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 (1993). In *Pioneer*, the Supreme Court noted that the common meaning of "neglect" is "'to give little attention or respect' to a matter, or . . . 'to leave undone or unattended to *esp[ecially] through carelessness.*'" *Id.* at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)); *see also City of Chanute, Kansas v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994) (quoting *Pioneer* ). The *Pioneer* Court also noted that although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, that concept "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Finally, the *Pioneer* Court also noted that excusable neglect is an equitable determination, "taking account of all relevant circumstances concerning the party's omission." *Id.* at 395. The circumstances to consider include: (1) danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay,

including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.  *Id.*; *see also Biodiversity Conservation Alliance v. Bureau of Land Mgmt.*, 438 F.App'x 669, 672 (10th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395) (unpublished decision).

Here, Plaintiff does not oppose the Motion, so there is no danger of prejudice.  In addition, as explained in the Motion, the Second Amended Complaint was served on Defendant, not counsel, and Defendant was confused regarding the dismissal and reassertion of claims against it in this matter.  *See Motion* [#25] at 2.  In addition, the requested extension is 20 days which the Court finds reasonable given that Defendant's counsel received the Second Amended Complaint on September 4, 2013.  *Id.*  Finally, there is no allegation that Defendant acted in bad faith in failing to respond to the Second Amended Complaint.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#25] is **GRANTED**.  Defendant's deadline to respond to the Second Amended Complaint is extended to **September 16, 2013**.

Dated:  September 5, 2013